UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LEDESMA, an individual, RUTH LEDESMA, an individual, RUTH FLORES, an individual,<br><br>  Plaintiffs,<br>  vs.<br><br>FCM CORPORATION, WILMINGTON FINANCE, WILSHIRE CREDIT CORP., and T.D. SERVICE COMPANY,<br><br>  Defendants. | CASE NO. 09 CV 1837 JM (AJB)<br><br>**ORDER GRANTING DEFENDANT WILSHIRE CREDIT CORPORATION'S MOTION TO DISMISS**<br><br>Doc. No. 14 |

Plaintiffs Mario Ledesma, Ruth Ledesma, and Ruth Flores (collectively, "Plaintiffs") brought this action for claims arising from a residential mortgage transaction. (Doc. No. 4). Defendant Wilshire Credit Corporation ("Wilshire") moves to dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement. (Doc. No. 14).

The court finds this matter appropriate for disposition without oral argument. *See* CivLR 7.1(d)(1). Plaintiffs have not filed an opposition to the motion, which may "constitute consent to the granting of the motion." CivLR 7.1(f)(3)(c). Nonetheless, the court addresses the merits of Wilshire's motion to dismiss.

For the following reasons, the court hereby GRANTS Wilshire's motion to dismiss.

## I. BACKGROUND

On or about October 13, 2006, Plaintiffs purchased a home by borrowing money from Defendant FCM Corporation. (Doc. No. 4, First Amended Complaint, hereinafter "FAC," ¶ 9). Wilshire is the current servicing company for Plaintiffs' loan. (FAC ¶ 11). At some point, Plaintiffs began having difficulty paying the mortgage on their home. (FAC ¶ 22). Therefore, Defendant T.D. Service Company has executed a notice of trustee's sale against Plaintiffs' home. (FAC ¶ 23).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. *See, e.g., Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

## III. DISCUSSION

A number of Plaintiffs' claims appear to be time barred. Equal Credit Opportunity Act claims—such as Plaintiffs' seventh claim—are subject to a two-year statute of limitations. 15 U.S.C. § 1691e(f). Plaintiffs' twelfth claim for violation of the Truth in Lending Act is subject to a one-year statute of limitations for damages. 15 U.S.C. § 1640(e). Plaintiffs' thirteenth claim for violation of the Real Estate Settlement Procedures Act is also subject to a one-year

statute of limitations. 12 U.S.C. § 2614. Plaintiffs' claims accrued in October 2006 but Plaintiffs did not file suit until August 2009. Therefore, these claims are dismissed as time-barred.

Many of Plaintiffs' claims rely on conduct alleged to have occurred during loan origination. As merely the loan servicer, Wilshire did not negotiate the terms of the loan with Plaintiffs. Therefore, Plaintiffs' first (intentional misrepresentation), second (breach of fiduciary duty), third (constructive fraud), fourth (breach of the covenant of good faith and fair dealing), eighth (violation of Cal. Fin. Code § 4970 *et seq.*), ninth (negligence), fourteenth (Fair Credit Reporting Act), and nineteenth (Cal. Civ. Code § 1632(b)) claims are dismissed.

Furthermore, all of Plaintiffs' claims—including those already dismissed—are too vague or ambiguous. Plaintiffs fail to specifically identify which claims apply to which defendants. Instead, Plaintiffs seem to allege all claims against all defendants, regardless of each defendant's role in the mortgage transaction. Without greater detail, it is unreasonably difficult for the defendants to prepare responsive pleadings. Therefore, Plaintiffs' claims are dismissed against Wilshire.

**IV.  CONCLUSION**

For the foregoing reasons, the court hereby GRANTS Defendant Wilshire Credit Corporation's motion to dismiss with leave to amend. Plaintiffs shall file a second amended complaint that addresses the deficiencies identified in this order no later than March 19, 2010.

**IT IS SO ORDERED.**

DATED: March 3, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge